UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ANDREW CAMERON                          )
                                        )
v.                                      )       Nos. 1:05-cv-264 / 1:04-cr-42
                                        )       *Edgar*
                                        )
UNITED STATES OF AMERICA                )

## M E M O R A N D U M

Andrew Cameron ("Cameron") has filed a motion under 28 U.S.C. § 2255 to vacate, set

aside or correct his federal judgment of conviction and sentence (Civil Court File No. 1; Criminal

Court File No. 17).[1]  Cameron raised several issues in his § 2255 motion and subsequently filed a

motion requesting the Court to dismiss all issues presented in his § 2255 motion with the exception

of his claim that counsel failed to file a notice of direct appeal (Civil Court File No. 8).  In addition,

Cameron filed a motion to amend his § 2255 motion to include an *Apprendi/Blakely/Booker* claim

(Civil Court File No. 9); a second motion to amend his § 2255 motion with at least three claims

(Civil Court File No. 10; Criminal Court File No. 21); and a motion to expedite ruling (Criminal

Court File No. 25).  The government opposes the § 2255 motion and amendments (Civil Court File

No. 5; Criminal Court File No. 24).

The § 2255 motion, together with the files and record in this case, conclusively show

Cameron is entitled to no relief under 28 U.S.C. § 2255.  For the reasons which follow, the Court

---

[1]       Each document filed in both the civil and criminal files will be identified by the
Court File Number assigned to it in both files.  Each document filed only in the civil case or only
in the criminal case will be identified by the Court File Number assigned to it in that case.

has determined an evidentiary hearing is not necessary and concludes that Cameron's § 2255 motion lacks merit and will be **DENIED** (Civil Case No. 1; Criminal Court File No. 17).

## I.     Non-Dispositive Motions

### A.     *Motion to Proceed Only on Claim that Counsel Failed to Perfect an Appeal*

Cameron filed a motion requesting the Court to dismiss all issues presented in § 2255 motion with the exception of the issues dealing with counsel's failure to file a notice of appeal (Civil Court File No. 8).  For the sake of thoroughness, and because Cameron subsequently filed two motions to amend his original § 2255 motion to include additional claims, the Court will address each claim raised in Cameron's original § 2255 motion and **DENY** the motion to dismiss all but one claim (Civil Court File No. 8).

### B.     *First Motion to Amend*

Although Cameron's filings are difficult to decipher, the Court discerns, that in his first motion to amend, he is requesting to add an *Apprendi/Blakely/Booker* claim to his § 2255 motion (Civil Court File No. 9).  The Court discerns Cameron is alleging the Court illegally enhanced his sentence with facts not alleged in the indictment or found by a jury beyond a reasonable doubt.[2]

---

[2]     In his original § 2255 motion Cameron alleged  he asked counsel about appealing his case and his opinion of the effect the *Blakely* decision would have on his sentence.  Counsel advised *Blakely* had no effect on his sentence and there was no issue upon which to base an appeal.  According to Cameron that advice was ineffective.  In this motion to amend Cameron states that because counsel did not argue against illegal use of enhancements (there were no enhancements in Cameron's case) and failed to file "the requested appeal, which he was asked to do . . ." he should have at least filed an *Anders* brief. To the extent he is attempting to raise a new ineffective assistance of counsel claim on a new set of facts, he is prohibited from doing so because amendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted under Fed. R. Civ. P. 15(c), *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002), and this claim is based on the new legal theory that counsel was directed to file an appeal but failed to do so.  The government filed their response noting that this was not a situation where Cameron requested and counsel failed to file an appeal.  Thus,

2

Cameron, however, does not identify what facts he claims were not charged in the indictment but used by the Court to illegally increase his punishment.

First, however, the Court must determine if the amendment was timely filed because Cameron's proposed amendment is subject to the one-year statute of limitations period, applicable to a motion filed pursuant to 28 U.S.C. § 2255. *See Oleson v. United States*, 27 Fed.Appx. 566, 2001 WL 1631828 *3 (6th Cir. Dec. 14, 2001) (Unpublished). If the amendment is untimely filed, the Court looks to equitable tolling rules and Rule 15 of the Federal Rules of Civil Procedure in reaching its decision regarding the timeliness of the proposed amendment. If the amendment is barred by § 2255's statute of limitations and not subject to equitable tolling rules, then the Court must determine whether the amendment relates back under Rule 15(c) of the Federal Rules of Civil Procedure to Cameron's previous claims. *Mayle v. Felix*, 545 U.S. 644, 656-57 (2005).

The relation-back provision in the Rule 15(c)(2) of the Federal Rules of Civil Procedure provides pleading amendments relate back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "Rule 15(c)(2) relaxes but does not obliterate the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citations omitted). The Supreme Court observed that if claims asserted after the one-year period could be revived simply

---

under the circumstances of this case, Cameron now presents a new claim of ineffective assistance of counsel based on new facts. Therefore, this new claim does not relate back to the original claim and is untimely.

because they related to the same trial, conviction, or sentence, AEDPA's limitation period would have slim significance. *Id*. at 662.

The statute of limitations in Cameron's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Cameron was sentenced to a term of imprisonment for 120 months on November 1, 2004 (Criminal Court File No. 16). Cameron did not pursue a direct appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Cameron's judgment was entered on November 15, 2004, and at that time Fed. R. App. P. 4(b)(1)(A) provided that a notice of appeal had to be filed within ten (10) days after entry of the judgement.[3] Rule 26(a) of the Federal Rules of Appellate Procedure provided that weekends and holidays were not counted in calculating the ten-day period. Therefore, under the rules in effect at that time, Cameron had until November 29, 2004, to file a notice of appeal.

Cameron had one year from the time his judgment of conviction became final to file his § 2255 motion. Therefore, the one-year statute of limitations began to run on November 30, 2004, and Cameron was required to timely file any claims pursuant to § 2255 no later than November 29, 2005. Cameron's original § 2255 motion was timely filed on September 19,2005 (Civil Court File No. 1; Criminal Court File No. 17).

Cameron mailed his first motion to amend on June 23, 2007 (Civil Court File No. 9). A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re*

---

[3]     Fed. R. App. P. 26(a)(1)(A) provides for the exclusion of the day of the event triggering the period when calculating the time period.

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Consequently, Cameron's motion is time-barred as the applicable one-year statute of limitation for filing such a motion expired on November 29, 2005, almost two years before Cameron filed his first motion to amend.

In addition, Cameron's amendment does not escape the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by "relating back" to the claims in his timely filed original § 2255 motion because his amendment raises entirely new arguments that do not relate back to any of the claims in his original § 2255 motion. *See Oleson v. United States*, 2001 WL 1631828 *3 (6th Cir. Dec. 14, 2001) (Unpublished). Amendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted. *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). Accordingly, Rule 15(c) of the Federal Rules of Civil Procedure does not save the claim as the claim does not "relate back" to the "conduct, transaction, or occurrence" relied upon in the claims in the timely-filed § 2255 motion. *Mayle v. Felix*, 545 U.S. 644, 656-67 (2005).[4]

To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001).

---

[4]     Cameron's filing are difficult to decipher as he included a discussion stating *Apprendi/Blakley/Booker* are retroactively applicable on collateral review in a section he labeled "Retroactivity" in his memorandum in support of his § 2255 motion, but he did not raise a claim that the Court illegally enhanced his sentence or counsel failed to make an *Apprendi/Blakley/Booker* argument.

Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys v. Memphis Brooks Museum, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000). The motion contains no allegation that some extraordinary circumstance stood in Cameron's way and prevented him from timely filing his motion to amend. Indeed, the motion presents no basis for equitable tolling. Since Cameron has failed to offer any explanation for the delay, the Court finds he has failed to demonstrate that equitable tolling is appropriate in his case.

Nevertheless, assuming, for the sake of discussion, that this motion is timely and properly before the Court, the claim is frivolous. As the Court discerns the claim, Cameron argues the Court used facts not alleged in the indictment or found by a jury to enhance his sentence, thus rendering his sentence illegal in light of the *Apprendi/Blakely/Booker* cases. Cameron, however, was not subjected to any Guideline enhancements. Cameron's sentence was the result of the statutory mandatory minimum sentence required for each of the two counts to which he pled guilty. Specifically, Cameron received the mandatory statutory minimum sentence of 60 months for each offense, to be served consecutively, as required by § 924(c), for a total of 120 months imprisonment. Cameron's conviction on Count Two, 21 U.S.C. § 841 (b)(1)(B) provides that in the case of a violation involving 500 grams or more of a mixture or substance containing a detectable amount of cocaine, the defendant "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . " This Court imposed the statutory mandatory minimum sentence against Cameron on Count Two of 60 months imprisonment (5 years). This was based on Cameron's guilty plea and admission that he possessed 800 grams of cocaine hydrochloride.

As to Cameron's conviction on Count Five, 18 U.S.C. § 924(c)(1)(A) provides for a mandatory minimum term of imprisonment of not less than 5 years, to be served consecutively to the sentence imposed for the underlying drug trafficking crime. This Court imposed the statutory mandatory minimum sentence of 60 months imprisonment (5 years) on County Five, to be served consecutively to the 60 month (5 years) sentence on Count Two for a total term of 120 months imprisonment.

In sum, contrary to Cameron's contention, he was not subjected to any Guideline enhancements, he was not sentenced above the maximum authorized by his convictions, and his sentence was not based on any judicial fact-finding. Therefore, there was no reason for counsel to file an appeal on such basis. Accordingly, his motion to amend is **DENIED** as untimely, and alternatively, as futile (Civil Court File No. 9).

### C. _Second Motion to Amend_

In his second motion to amend (Civil Court File No. 10, Criminal Court File No. 21), which is also very difficult to decipher, Cameron reargues some of the claims he raised in his original § 2255 motion and presents three additional claims: (1) his § 924(c) conviction is invalid because he was a licensed gun-permit holder and at no time did he use the firearms in relation to any drug activity; (2) counsel was ineffective for failing to challenge at sentencing the applicability of the firearm enhancement; and (3) the Bureau of Prisons ("BOP") regulations excludes him from early release for successful completion of residential substance abuse program because of his § 924(c) conviction.

Cameron's second motion to amend is time-barred as it was filed on January 13, 2010, almost five years after the expiration of his one-year statute of limitation for filing his § 2255 claims.

Here, one of Cameron's claims arguably relates back to his original § 2255 motion i.e., his challenge to his firearm conviction because the firearm was not used in relation to the drug offense to support his original actual innocence claim. His claims that counsel was ineffective for failing to challenge a sentencing enhancement and the BOP regulations were improperly enacted and unfairly applied to him are entirely new claims and do not relate back to the timely-filed claims in his original § 2255 motion. In addition, Cameron has failed to offer any explanation for the delay, thus he has failed to demonstrate that equitable tolling is appropriate in his case.

Nevertheless, even if the claims were timely, for the reasons explained below, they provide no basis for relief. The claim that counsel was ineffective for failing to challenge the firearm enhancement at sentencing is frivolous as no such enhancement was applied to Cameron's sentence. *See* PSR, ¶ 16 (explaining that the two-level enhancement provided for in § 2D1.1(b)(1) was not applicable given his conviction for violating § 924(c)). Thus, not only is the claim time-barred, it is without merit.

Cameron's claim that the BOP regulations make him ineligible for the drug program and appropriate credits, fails to state a basis for relief under § 2255. A claim attacking the manner in which a sentence is being executed by the BOP must be brought as a § 2241 habeas petition, after administrative remedies are exhausted. *See United States v. Addonizio*, 442 U.S. 178, 179 (1979) (actions taken by United States Parole Commission do not support collateral attack under § 2255); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence-for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release-may not be brought under § 2255 and

therefore falls into the domain of § 2241.").  Accordingly, it would be futile for the Court to permit the request to amend his § 2255 petition with this sentencing-credit claim as the Court lacks jurisdiction to address the issue of Cameron's ineligibility for the drug program and appropriate credits in this § 2255 proceeding.

Accordingly, Cameron's second motion to amend will be **GRANTED IN PART** and **DENIED IN PART** (Civil Court File No. 10; Criminal Court File No. 21).  To the extent the motion supplements the argument in Cameron's original § 2255 motion that he is actually innocent of the § 924(c) conviction because the firearm was not possessed in furtherance of the drug offense, the motion is **GRANTED**.  As to any other claim raised in it, the second motion to amend is **DENIED** as time-barred, and in the alternative, as futile.

>    ### D.    *Motion to Expedite Ruling*

Cameron's final motion  requesting the Court to expedite its ruling is **MOOT** (Criminal Court File No. 25).

## II.    28 U.S.C. § 2255 - Standard of Review

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ."  28 U.S.C. § 2255.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972)*; O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo,* 454 F.2d at 53; *O'Malley,* 285 F.2d at 735

(citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood,* 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas,* 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States,* 582 F.2d 1039, 1041 (6th Cir.), *cert. denied,* 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339, 354 (1994); *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 116 S. Ct. 1701, 134 L. Ed. 2d 800 (1996).

## III.    Facts

The following underlying facts agreed to by the parties are set forth in Cameron's plea agreement:

> On January 8, 2004, based on corroborated information received from a confidential informant, investigators with the Chattanooga Police Department Narcotics and Special Investigations Unit applied for and obtained a state search warrant for the residence of the defendant. Later on January 12, 2004, officers of the Chattanooga Police Department executed the search warrant at defendant's residence, located at 7110 Holland Lane, Apt. B, Chattanooga, Tennessee. Seized as a result of the search were approximately twelve grams of cocaine base ("crack"), eight hundred grams of cocaine hydrochloride, two pounds of marijuana, two 9 mm Smith and Wesson pistols (one loaded with 10 rounds and found in the same dresser as the cash and marijuana), and approximately $2300 in U.S. currency. Cameron later admitted to

10

investigators, subsequent to a rights waiver, that his source for drugs was in Atlanta. Cameron also informed investigators as to the location of the weapons. Also found were scales and vacuum packaging materials.

As part of the plea agreement the parties agree that the defendant possessed with the intent to distribute five hundred grams or more of cocaine hydrochloride. Furthermore, the parties agree that the defendant possessed a firearm in furtherance of the drug trafficking crime to which he is pleading guilty.

(Criminal Court File No. 13, Sealed).

Cameron pled guilty in this Court on August 6, 2004, to Count Two of the Indictment charging him with possession with intent to distribute five hundred grams or more of a mixture and substance containing cocaine hyrochloride in violation of 21 U.S.C. § 841(a)(1) and (B)(1)(B), and Count Five of the Indictment with knowing possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c). In his plea agreement, Cameron expressly waived "the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 on any ground, other than ineffective assistance of counsel, prosecutorial misconduct, or subsequent change in the interpretation of the law which may affect his case." (Court File No. 13, ¶ 6).[5]

The presentence report ("PSR") reflects the probation officer converted the quantity of cocaine into a marijuana equivalency of 240 kilograms, and since it was unknown whether the cash found in Cameron's residence was the proceeds of crack, cocaine, or marijuana, it was converted into a marijuana equivalency, which was the most advantageous to Cameron (PSR, ¶ 10). The total amount attributed to petitioner was 401.776 kilograms for a base offense level of 28 (PSR, ¶ 10, 28). A three-level downward adjustment was recommended for acceptance of responsibility (PSR, ¶ 20).

---

[5]     In light of the other arguments defeating Cameron's claims, the government chose not to rely on his provision in this case. (Civil Court File No. 5, p. 4, fn 2).

Based on the total adjusted base offense level of 25 and a criminal history category of I, Cameron's guideline range was 57-71 months, however, because the statutory minimum mandatory penalty for Count 2 requires a sentence of 60 months, the effective guideline range was 60-71 months. The statutory minimum mandatory consecutive term of imprisonment for Count Five is five years, which resulted in a guideline imprisonment range of 120-131 months. The Court imposed a term of imprisonment of 120 months. Cameron did not pursue a direct appeal.

In his timely filed original § 2255 motion, Cameron asserts: (1) he is actually innocent of the § 924(c) charge because he did not actively employ the firearm, (2) counsel was ineffective for advising Cameron against filing a notice of appeal, (3) the plea agreement was invalid and his guilty plea was unknowingly and involuntarily entered, and (4) the government engaged in prosecutorial misconduct in negotiating the plea agreement.

## IV. Analysis

### A. *Actual Innocence*

Cameron contends he is actually innocent of the § 924(c) charge of possessing a firearm in furtherance of a drug trafficking crime because he must have "actively employed" the firearm, and there was no evidence he did so. Cameron relies on *Bousely v. United States* 523 U.S. 614, (1998) to support his contention that the government was required to demonstrate he actively employed the firearm.[6] In his second motion to amend, Cameron adds that he was in legal possession of the firearm as he purchased it after a burglar/home invasion and had a permit to possess the weapon.

---

[6] Section 924(c) criminalizes two distinct offenses i.e. using or carrying a firearm during and in relation to a drug offense, and possessing a firearm in furtherance of a drug offense. Cameron was charged with the latter in this case.

In *Bailey v. United States*, 516 U.S. 137, (1995), the Supreme Court held that a conviction for using a firearm in relation to a drug-trafficking crime can only arise if the defendant "actively employed" the firearm. *Bailey* is not applicable to Cameron's case. In *Bousely v. United States*, 523 U.S. 614 (1998), the Court was discussing a conviction under the "use and carry" prong of § 924(c) where active employment is required, not the possession prong under which Cameron was charged and to which he pleaded guilty. Cameron is under the mistaken impression that the possession prong requires active employment; it does not.

In addition, *Bousely* discussed what is required to establish actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (punctuation and citation omitted). The *Bousely* Court further instructed that "actual innocence means factual innocence, not mere legal insufficiency." *Id.* (punctuation and citation omitted).

By pleading guilty, Cameron waived the right to make all non-jurisdictional defects. *See United States v. Broce,* 488 U.S. 563, 574-75 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Nevertheless, Cameron has not met his burden of proof as he has not established that in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Bousely,* 523 U.S. at 621.


A 9 mm loaded handgun was located in same dresser with the drugs and money. "In the context of § 924(c), the term 'in furtherance of' means that 'the weapon must promote or facilitate the crime.'" *United States v. Kelsor*, 665 F.3d 684, 692 (6th Cir. 2011) (quoting *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001)). The Sixth Circuit explained in *Kelson*:

We have explained that "possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924(c) conviction." *Id*. at 462. "In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *Id*. Other relevant factors include "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id*.

*Id.* at 692.

Cameron agreed, as the factual basis for his plea agreement, that approximately twelve grams of cocaine base ("crack"), eight hundred grams of cocaine hydrochloride, two pounds of marijuana, two 9 mm Smith and Wesson pistols (one loaded with 10 rounds and found in the same dresser as the cash and the marijuana), and approximately $2,300 in U.S. currency were seized from his residence as a result of a state search warrant. In addition, Cameron, as part of his plea agreement, agreed that he "possessed a firearm in furtherance of the drug trafficking crime to which he is pleading guilty." (Criminal Court File No. , ¶ 8).

The facts to which Cameron agreed under oath demonstrate the loaded firearm was possessed and strategically located so as to be quickly and easily accessible for use, to facilitate his ongoing drug distribution operation. Cameron now argues counsel told him that the mere presence of the firearm in the home was enough to convict him of the 924(c) charge even though he legally owned the firearm. Cameron contends the guns were for home security, and he had a permit to carry them.

Cameron argues that he was arrested away from his home and brought back to the residence, but at that time he never actively possessed or employed the firearm.

To prove his actual innocence, Cameron must show that "it is more likely than not that no

14

reasonable juror would have convicted him." *Bousely,* 523 U.S. at 621. The only evidence before the Court to support Cameron's claim that the weapon was legally possessed for home security is his self-serving statement to that effect. Lacking, however, is any proof, other than Cameron's self-serving claim, demonstrating the location of the weapon in close proximity to the marijuana and cash was for the purpose of protecting his family. As the Sixth Circuit explained in *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001) the "possession of a gun in furtherance of" element is met if the gun facilitates or has the potential of facilitating the drug trafficking offense, and that in making that determination courts are to consider the totality of the circumstances surround the commission of the crime, including, *inter alia*, the strategic location of the firearm so that it could quickly and easily be available for use, "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted and the time and circumstances under which the firearm was found." *Id.* at 462. Additionally, the burden is on Cameron to demonstrate he possessed the weapon solely for lawful purposes. *See United States v. Leonard*, 97 Fed.Appx. 599, 602 (6th Cir. 2004).

Thus, even accepting Cameron's explanation that the weapon was purchased to protect his home after a burglary/home invasion, there remains sufficient relevant surrounding circumstances to demonstrate the loaded weapon in close proximity to the marijuana and cash was also there in furtherance of his drug activities. Consequently, Cameron has not demonstrated his actual innocence

because he has not demonstrated that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.

There is sufficient evidence from which a rational trier of fact could conclude Cameron possessed the firearm in furtherance of the drug offense, and that the firearm's presence in the dresser with the marijuana and cash was there "to advance or promote the commission of the underlying [drug trafficking] offense." *United States v. Combs,* 369 F.3d 925, 933 (6th Cir. 2004) (discussing factors to consider in a charge of possession in furtherance of drug offense). Thus, Cameron has not sustained his burden of proof as to his actual innocence claim.

In summary, because the facts established by the plea agreement, in addition to the strategic location of the loaded firearm to the marijuana and cash, Cameron is unable to demonstrate that "it is more likely than not that no reasonable juror would have convicted him" of possessing a firearm in furtherance to a drug trafficking crime. *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citations omitted). Indeed, a reasonable inference would be that the gun was strategically placed to be available if it was needed to facilitate the drug trafficking offense. Accordingly, Cameron is not entitled to relief that he is actually innocent of his § 924(c) conviction.

**B.**    ***Counsel's Failure to an File Appeal***

Cameron claims counsel ineffectively failed to appeal his sentence. Cameron claims that the day he was sentence he "asked defense counsel about appealing his case, and [ ]counsel's opinion of the effect that the BLAKELY decision would have on his sentence. Counsel told petitioner that the BLAKELY decision has no effect on defendant, and that petitioner had no other issue on which to base an appeal." (Civil Court File No. 2). Cameron seemingly contends counsel should have

appealed his case on the basis that he did not actively employ the firearm and that based on *Blakely* and *Booker* he would have been eligible for the safety valve which would have reduced his sentence.

It is well established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470-77 (2000). Cameron, however, does not contend that he communicated a request to counsel to file a notice of appeal and that he relied to his detriment on counsel to file and pursue an appeal. Rather, Cameron is claiming counsel's advice that he had no grounds on which to pursue an appeal was ineffective.

To prevail on this claim that counsel was ineffective for failing to file an appeal, Cameron must demonstrate counsel's performance was deficient and he suffered prejudice as a result of counsel's failure to pursue a direct appeal on his behalf. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Regaldo v. United States*, 334 F.3d 520, 524 (6th Cir.), *cert. denied*, 540 U.S. 1024 (2003). Here, unlike the *Roe v. Flores-Ortega* case, Cameron does not contend counsel failed to consult with him about an appeal. Rather, Cameron avers he and counsel discussed appealing the case, but counsel advised against it. In *Roe* the Supreme Court observed that both the prejudice inquiry and the inquiry used to determine whether counsel performed deficiently may be satisfied if the defendant shows nonfrivolous grounds for appeal. Cameron, however, has failed to identify any nonfrivolous ground to appeal or establish that he promptly expressed a desire to appeal.

The Court discerns Cameron argues counsel's advice not to pursue a direct appeal amounts to ineffective assistance because, according to Cameron, his statutorily imposed mandatory minimum sentence is unconstitutional in light of the Supreme Court's rulings in *Blakely v. Washington*, 542 U.S. 296 (2004) (invalidated a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial), and *United States v. Booker*, 543 U.S. 220

(2005) (Extending the holding of *Blakely* to the United States Sentencing Guidelines, the Supreme Court held the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial).

Cameron's argument is flawed, however, because the Court did not sentence Cameron based on the federal sentencing guidelines. Consequently, *Blakely/Booker* would not and does not affect Cameron's sentence because his sentence was mandated by the statutory minimum mandatory sentences; sentences to which *Blakely/Booker* does not apply. *See United States v. Williams*, 194 Fed.Appx. 318, 323 (6th Cir. 2006) (any error of sentencing under the Guidelines pre-*Booker* is harmless error when defendant receives the lowest possible sentence under the statute and his sentence was not increased pursuant to the then-mandatory Guidelines); United *States v. Koch*, 383 F.3d 436 (2004) (en banc) (instructing district courts in this circuit after *Blakely* to sentence in accordance with the guidelines); *United States v. Smith*, 419 F.3d 521, 531-32 (6th Cir. 2005) (*Booker* does not apply to mandatory minimum sentence); *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005) (stating that "*Booker* does not bear on mandatory minimums"); *see e.g., United States v. Antonakopoulos*, 399 F.3d 68, 76 (1st Cir.2005) (stating that there is no *Booker* argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or admitted by the defendant); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir.2005) (stating that "[n]othing in *Booker* gives a judge any discretion to disregard a mandatory minimum" statutory sentence ); *United States v. Rojas-Coria*, 401 F.3d 871, 874 n. 4 (8th Cir.2005) (noting that *Booker*

has no impact on a case where the defendant is sentenced pursuant to a statutory mandatory

minimum rather than pursuant to an application of the Sentencing Guidelines).

Petitioner also contends that had the § 924(c) conviction been vacated on appeal, he would be eligible for the "safety valve" consideration. As previously stated, Cameron is under the erroneous impression that the government was required to demonstrate he actively employed the firearm during the drug offense. To be perfectly clear, the government was not required to demonstrate Cameron actively employed the firearm. Cameron pled guilty to possession of a firearm in relation to a drug offense, not carrying or using a firearm in relation to a drug offense. The fact that the loaded weapon was found in the same dresser with the marijuana and cash was sufficient to demonstrate the firearm was strategically located so that it would be quickly and easily available for use during the drug offense. Cameron has not demonstrated counsel's advice to accept the plea offer was deficient nor has he presented any evidence to lead the Court to believe he had a viable issue to appeal in relation to the § 924(c) conviction. Consequently, this argument is without merit as there are no grounds upon which the § 924(c) conviction could have legitimately been challenged.

Accordingly, Cameron has not demonstrated counsel was ineffective for failing to pursue a direct appeal to have his § 924(c) conviction vacated or for failing to present a *Blakely/Booker* argument.

### 3. *Knowing and Voluntary Guilty Plea*

Petitioner asserts his guilty plea was not knowingly and voluntarily entered because his attorney allegedly misinformed him that the mere presence of the firearm in his residence was sufficient for a conviction, and failed to inform him that his sentence was mandated by statute rather than by the sentencing guidelines.

As previously noted, Cameron is mistaken in his belief that active employment of the firearm is an element of proof the government was required to show to demonstrate Cameron possessed a firearm in furtherance of a drug trafficking offense. Counsel's advice that the presence of a loaded firearm in the dresser with drugs and money in this case was sufficient for a § 924(c) conviction was not erroneous and therefore, did not mislead Cameron.

As to his claim that counsel failed to inform him that his sentence was mandated by statute, even assuming that is true for purposes of this discussion, it offers Cameron no relief, as he was informed of the possible penalties and the mandatory statutory penalties he was facing. First, the plea agreement he signed states he agreed the Court could impose any lawful term of imprisonment up to the statutory maximum. In addition, the plea agreement provided the penalties which Cameron was facing:

> 7.      The penalties for the crime to which Mr. Cameron is pleading are as follows: on Count Two, a mandatory minimum sentence of imprisonment of at least five years up to forty years . . .; on Count Five, mandatory minimum sentence of five years which must run consecutively to any other sentence imposed, . . .

(Criminal Court File No. 13). Second, during his rearraignment, the Court engaged in a colloquy to ensure that Cameron was competent to participate in the rearraignment proceedings, understood the offenses to which he was pleading guilty, notified of the mandatory statutory penalties he was facing, and notified of the rights he was giving up by virtue of his guilty plea.

Because no appeal was filed in this case, the rearraignment proceedings were not transcribed. Although the transcription is not available, it is this Court's unwavering practice to comply with Rule 11 of the Federal Rules of Criminal Procedure through a detailed and specific colloquy that includes admonishments on the consequence of pleading guilty and of waiving constitutional rights.

In addition, it is the practice of this Court to advise all defendants, at the time of a guilty plea, of the elements necessary for a conviction on each count to which the defendant is pleading, to ascertain whether the defendant understands the elements of the crime the government must prove, and to find that a factual basis supports the plea of guilty.

The rearraignment included Cameron's own statements, under oath, that he admitted the truth of the factual basis for his plea, which, as previously stated, includes an admission that he possessed a firearm in furtherance of the drug trafficking crime to which he pled guilty; that he was satisfied with counsel's representation; that his plea was uncoerced and knowingly and voluntarily made; that he was pleading guilty because he was in fact guilty; and that he understood the plea consequences and plea agreement, including the statutory mandatory penalties he was facing.

Based on the colloquy between this Court and Cameron, the Court found Cameron was competent to enter his plea, the plea was uncoerced and made with knowledge of the rights he was waiving, the charge to which he was pleading–specifically, to the elements of the crime to which he was pleading; the possible mandatory punishment, and the consequences of his plea. *See United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (defendant who expressly represented in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the court). Cameron's statements to the Court during the plea colloquy carry a strong presumption of verity, *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), that he understood the statutory and constitutional rights which he waived, the elements of the crimes to which he pled, and the possible range of punishment. Consequently, Cameron has not shown that his plea was not counseled, knowing and voluntary, thus, he is not entitled to have his pleas set aside and proceed to trial.

Accordingly, Cameron's claim that his plea was unknowing and involuntary fails and § 2255 relief will be **DENIED** on this claim.

### 4. *Prosecutorial Misconduct*

Cameron complains that the government "misled the defendant as to the true nature of the 924(c) charge against him to extort a conviction." (Civil Court File No. 2, Memorandum in Support of § 2255 motion, p. 19). This claim is also based on Cameron's incorrect belief that active employment of the firearm was necessary to secure a conviction. As discussed *supra*, active employment is not a required element for the possession prong of § 924(c).

Cameron also claims the government breached the plea agreement by hiding two mandatory minimum sentences in the plea agreement while also discussing that he would be sentenced using the guidelines. As previously discussed, the statutory mandatory minimum penalties were clearly and fully set forth in the plea agreement which Cameron signed. Cameron's guideline range was 120-131 months because of the minimum mandatory consecutive term of imprisonment, thus, the Court could have imposed a sentence in excess of the mandatory minimum sentence of 120. This claim offers Cameron no relief.

Finally, Cameron complains that law enforcement reports showing he did not actively employ the firearm and demonstrating Fourth Amendment violations during the search of his residence were not disclosed. Since active employment of the firearm is not a required element of Cameron's § 924(c) conviction, the fact the reports reflect he did not actively employment the firearm during a drug transaction is of no consequence. Similarly, any alleged Fourth Amendment violation is of no consequence as Cameron's guilty plea waived all non-jurisdictional defects, including constitutional errors allegedly occurring before the plea. *United States v. Broce*, 488 U.S.

563, 574-75 (1989) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." (Internal bracket and citation omitted)).  Thus, Cameron is not entitled to the collateral relief he seeks.

## VI.    Conclusion

Accordingly, Cameron has failed to establish a plausible claim that would warrant an evidentiary hearing or § 2255 relief. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir.1993) (noting that to prevail on a motion for hearing, petitioner must establish he has a plausible claim). Cameron's claims are meritless. Accordingly, for the reasons set forth above, the Court holds Cameron's convictions and sentence were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Civil Court File No. 1; Criminal Court File No. 17).

A separate judgment order will enter.


_____*/s/ R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE